State v. Pickett

Affirmed.

Chief Judge VAUGHN and Judge WHICHARD concur.

STATE OF NORTH CAROLINA v. BOBBY GERALD PICKETT

No. 825SC1196

(Filed 20 December 1983)

**Criminal Law § 122.2— judge's actions upon jury's inability to reach a ver-
dict—proper**

There was no error in the trial court ordering a jury back to the jury
room for further deliberations after the foreman reported that the jury could
not reach a verdict, and the judge had tentatively decided to declare a
mistrial, hesitated and then decided to send the jury back for further delibera-
tions.

APPEAL by defendant from *Barefoot, Judge.* Judgment
entered 5 May 1982 in Superior Court, PENDER County. Heard in
the Court of Appeals 31 August 1983.

Defendant was charged with armed robbery in violation of
G.S. 14-87. He pleaded not guilty, and the jury returned a verdict
of guilty of robbery with a firearm. The trial judge sentenced
defendant to the presumptive term of fourteen years in prison
and ordered him committed as a regular youthful offender.

*Attorney General Edmisten, by Assistant Attorney General
Steven F. Bryant, for the State.*

*Trawick & Pollock, by Harold L. Pollock, for defendant ap-
pellant.*

PHILLIPS, Judge.

Defendant's only contention of error is based on the trial
court ordering the jury back to the jury room for further delib-
erations after the foreman reported that the jury could not reach
a verdict, and the judge had tentatively decided to declare a
mistrial. The rule has been laid down in many of our decisions
that a trial judge may have a deadlocked jury resume delibera-
tions even though the jury does not feel it will be possible to

reach a verdict, but, of course, in doing so the trial judge may not express an opinion as to the guilt or innocence of the defendant and may not imply that any juror should surrender his own free will and judgment. *State v. Long*, 58 N.C. App. 467, 294 S.E. 2d 4 (1982).

In the present case, the trial judge carefully instructed the jurors to decide the case according to their individual judgment. He warned them not to surrender their honest convictions for the mere purpose of returning a verdict. When the jury returned to the courtroom after three and one-half hours of deliberation, the following dialogue took place:

COURT: Now, members of the jury, I assume that you have not agreed on a verdict?

FOREMAN: We have not.

COURT: Does it look like there is any possibility of doing that?

FOREMAN: No possibility as I see it.

COURT: Let me ask this question: Don't tell me whether guilty or not guilty, but I want to know numerically how you stand, 8-4, 6-6, 10-2.

FOREMAN: Eight to four.

COURT: Has it been that way for awhile?

FOREMAN: Three votes.

COURT: Doesn't look like any possibility?

FOREMAN: No, sir.

COURT: All right. Withdraw juror number 12—Well, step up here a minute.

CONFERENCE AT BENCH:

COURT: Now, members of the jury, it is your duty to try to reconcile any differences that you have in order to reach a verdict. The main purpose of that is that it will be expense again to have to get another jury to try this case over. I am not saying this to try to coerce you in any way to reaching an agreement or cause someone to change any conviction they

might have. It is your duty to try to reconcile any differences that you have and I will let you go back in there for a little while.

Nothing in this dialogue expresses an opinion on defendant's guilt or otherwise implies the jurors should surrender their independent judgment and defendant admits the language of the trial court was legally correct and not coercive.

The defendant argues, however, that the court's "actions" were indirectly coercive in that juror number 12 was ordered withdrawn, the trial court then hesitated, and then sent the jury with juror number 12 back for further deliberation. We do not so construe the court's action. We see no reasonable possibility of the jury or any member of it being coerced by the judge changing his mind about withdrawing juror number 12 and requiring them to deliberate further.

No error.

Chief Judge VAUGHN and Judge WHICHARD concur.